**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joel MARTINEZ–ANDRADE,
Defendant—Appellant.**

No. 03–30187.
D.C. No. CR–02–00175–MA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 2004.

Decided Feb. 4, 2004.

Kent S. Robinson, AUSA, Baron C. Sheldahl, Esq., USPO—Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Frank de la Puente, Esq., Attorney at Law, Salem, OR, for Defendant–Appellant.

Before GRABER, TALLMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Joel Martinez–Andrade appeals his conviction and sentence for illegal reentry under 8 U.S.C. § 1326. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Martinez–Andrade first argues that the district court erred in denying his motion to dismiss the indictment because he was denied due process at his underlying deportation hearing, a claim we review de novo. *United States v. Muro–Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001), *cert. denied,* 534 U.S. 879, 122 S.Ct. 180, 151 L.Ed.2d 125 (2001). We agree with the district court that there was no due pro-

cess violation in the defendant's deportation hearing. Martinez–Andrade was properly advised of his ability to apply for a waiver of deportation and his right to appeal. He was individually addressed and was given additional time to fill out the application as well as to seek an attorney. There is no indication at all from the record that Martinez–Andrade asked the Immigration Judge (IJ) to explain further, or that there were any translation problems. He knowingly and intelligently chose deportation and expressly waived his right to appeal.

Some statements made by the IJ concerning the state of the law and the effect of the IIRIRA amendments may have been erroneous, although there is no indication that the IJ realized these errors or intended to mislead the defendant. We have held that where a waiver of the right of appeal is based on an erroneous statement made by the IJ, such waiver is considered not knowing and intelligent. *United States v. Ahumada–Aguilar,* 295 F.3d 943, 950 (9th Cir.2002). Nonetheless, in order for Martinez–Andrade to prevail in his claim, he must have relied on these statements and suffered prejudice as a result, and we find none here. The IJ described her then-current understanding of the law. She also advised petitioner of his right to appeal and told him that he could benefit from any change in the law on appeal. The record indicates that Martinez–Andrade understood the consequences of his decision. As the district court noted, Martinez–Andrade's recitation of his understanding of an appeal was essentially the same definition provided by the IJ. Moreover, Martinez–Andrade had already been familiar with the process of waiving the right to appeal through his 1995 guilty plea in federal court.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Martinez–Andrade next contends that the district court erred in making a 16–level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A). We review the district court's interpretation of the sentencing guidelines de novo. *United States v. Alexander*, 287 F.3d 811, 818 (9th Cir. 2002). We hold that the district court correctly combined Martinez–Andrade's initial 12–month prison sentence for his prior federal conviction for distribution of cocaine with his additional 12–month sentence for violation of supervised release for purposes of § 2L1.2(b)(1)(A). *See United States v. Moreno–Cisneros*, 319 F.3d 456, 458 (9th Cir.2003) (holding that under § 2L1.2(b)(1), the length of the "sentence imposed" for a prior state conviction includes prison time served after probation is revoked), *cert. denied*, — U.S. —, 124 S.Ct. 840, 157 L.Ed.2d 719 (2003). There is no reason to treat revocation of state probation and federal revocation of supervised release differently.

Finally, Martinez–Andrade's argument that the district court erred in denying him an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) is unpersuasive. Because Martinez–Andrade lied to police about his identity when he was first arrested and changed his plea only after the government had prepared for trial, it was not clear error for the district court to deny the reduction. *See United States v. Velasco–Medina*, 305 F.3d 839, 853 (9th Cir.2002).

AFFIRMED.